UNION SAFE DEPOSIT AND TRUST COMPANY, Trustees, In Equity.

*vs.*

FRANCES J. BENNETT, et als.

Cumberland. Opinion March 11, 1921.

*Construction of wills. Trust estate. The principles enunciated in, Union Safe Deposit and Trust Company vs. Frank W. Dudley et als:, 104 Maine, 297, affirmed as rules of interpretation in the distribution of estates.*

The will of Llewellyn Scott Wyman was construed by this court in an opinion rendered August 6, 1908, entitled *"Union Safe Deposit and Trust Company* vs. *Frank W. Dudley,* et als," and reported in 104 Maine, page 297, and it was therein determined to whom and in what proportions the income of the trust fund provided for in the fourth item of the will was payable, and the court therein determined "that from and after Augustus' " death (meaning the death of Augustus Palmer Dudley) and until some further change in the beneficiaries results, the net income of the said trust fund is to be paid, 17-36 to Frank Wyman Dudley, 17-36 to Abbie Malcolm, 1-36 to the issue of Edwin R. Dudley by right of representation, and 1-36 to the issue of Augustus Palmer Dudley by right of representation.

Since the rendering of this opinion, Abbie Malcolm and Frank Wyman Dudley have both deceased. Frank died without issue.

*Held:*

That the principles enunciated in the opinion in the 104 Maine are the rules of interpretation to be applied to the distribution of the estate of Frank Wyman Dudley under Paragraph 5, item 4, of the will.

In equity. On report. Bill in equity to determine in what proportions the income of a trust estate created under the fourth item of the will of Llewellyn Scott Wyman, allowed, June 5, 1905, in the Probate Court for Cumberland County, in Paragraphs 3, 4, 5, and 6, shall be paid to the issue of the beneficiaries, all of whom now deceased, named in said paragraphs. The cause was heard on bill and answers on the 2nd day of April, 1920, and by agreement of the parties, reported to the Law Court. Bill sustained with costs. Decree in accordance with the opinion.

Case stated in the opinion.

*Seth L. and Sydney B. Larrabee,* for complainant.

*Noble, Davis & Stone,* for Frances J. Bennett, defendant.

*Albert D. Jones,* for Archibald W. Dudley, and Una Gladys Dudley, defendants.

*Sturgis & Chaplin,* for Grace D. Wood and Janey D. Tainter, defendants.

*Aron L. Squires,* for Sarah P. Barnes, Thomas J. J. Malcolm and Archibald W. Malcolm, defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J.    The will of Llewellyn Scott Wyman was construed by this court in an opinion rendered August 6, 1908, entitled "*Union Safe Deposit and Trust Company* vs. *Frank W. Dudley,* et als," and reported in 104 Maine, Page 297, and it was therein determined to whom and in what proportions the income of the trust fund provided for in the fourth item of the will was payable, and the court therein determined "that from and after Augustus' " death (meaning the death of Augustus Palmer Dudley) and until some further change in the beneficiaries results, the net income of the said trust fund is to be paid, 17-36 to Frank Wyman Dudley, 17-36 to Abbie Malcolm, 1-36 to the issue of Edwin R. Dudley by right of representation, and 1-36 to the issue of Augustus Palmer Dudley by right of representation."

Since the rendering of this opinion, Abbie Malcolm and Frank Wyman Dudley have both deceased, the former on January 5, 1910, and the latter on July 15, 1917, and the parties now interested in the distribution of the income of the trust fund are as follows: Janey D. Tainter and Grace D. Wood, issue of Augustus P. Dudley; Archie W. Dudley and Una Gladys Dudley, issue of Edwin R. Dudley; Frances J. Bennett, Sarah P. Barnes, T. J. J. Malcolm and Archibald W. Malcolm, issue of Abbie Malcolm; all being issue of the body of Frances J. Dudley, who was the mother of Augustus, Edwin, Abbie and Frank. Frank Wyman Dudley died without issue.

The question now to be determined is in what proportions the income of the trust fund provided for in the fourth item of the will is now payable to these several parties.

In the decision above referred to it is specifically held:

1.  That the true interpretation of the words "the lawful issue, if any, of the body," as used in this will means lineal descendants taking by right of representation.

2.  That the language of the will gives Augustus (and if Augustus, all of the others) a vested interest in the net income of the trust fund.

3.  That it was the intention of the testator to dispose of the entire income of the trust fund for the whole period of the trust.

4.  That the gift of the share of the income to a life beneficiary was absolute, the words, "quarterly during his natural life," being a direction as to manner and time of payment only.

5.  That Augustus acquired "the additional one-twelfth at the death of his mother under the express provision of the will, except for which he would not have been entitled to it. The language of Paragraph 4 is broad enough to include that one-twelfth so acquired and should be so construed."

The above five principles extracted from the opinion in 104 Maine are the rules of interpretation which were applied to the distribution of the estate of Augustus Palmer Dudley under Paragraph 4, item 4, of the will.

It will be further seen by an examination of the opinion that the rule of interpretation applied to Paragraph 4, also, applies to the other three paragraphs where it is said "like provisions, mutatis mutandis, are made for the disposal of the shares of Frank Wyman Dudley and Abbie Malcolm in the event of their death."

The court saying this after considering the respective shares of Frances and Augustus, previously deceased. Accordingly the same rule of interpretation applies alike to Paragraphs 3, 4, 5, and 6 of the will.

It will now be observed that in each of the four paragraphs of the will, is found an alternative, to meet the contingency of the decease of all of the original beneficiaries. It is evident that this could take effect only in the paragraph in which the survivor of the four original beneficiaries is specifically named.

As Frank Wyman Dudley was such survivor, the clause of Paragraph 5, relating to the contingency was the only one to take effect, and became operative for the first and only time upon his death. Paragraphs 3, 4, 5 and 6 are necessarily in the alternative and

Frank, dying last, is the sole survivor of the four original beneficiaries and the contingency takes effect. Paragraph 5, thereby comes immediately effective and operates upon the share vested in Frank at the time of his decease, which included the three previous accretions thereto received through the previous deaths of Frances, Augustus and Abbie.

Under the opinion in 104 Maine, "like provisions, mutatis mutandis," are made for the disposal of the shares of Frank Wyman Dudley and Abbie Malcolm in the event of their death, the court saying this after previously considering the respective shares of Frances and Augustus.

Accordingly, the additional interests and accretions in the income of the trust fund received by Abbie after the death of Augustus and by Frank after the death of Augustus and Abbie, vested in them respectively and became part of their shares under the will, never to be divested, in the same manner as the additional "one twelfth" interest, construed to belong to Augustus, on the death of his mother, Frances, vested in Augustus and became a part of his share of said income.

We think that the above interpretation of Paragraph 5, relating to the estate of Frank Wyman Dudley is in accordance with the rules of interpretation laid down in 104 Maine and also carries out the intention of the original testator.

Under the above rules of interpretation, the principles applied to the shares of the various beneficiaries as changes in these beneficiaries have taken place, bring about the following mathematical result, which we have adopted from the brief of Sturgis and Chaplin, which is as follows:

Commencing with the shares of Frank Wyman Dudley and Abbie Malcolm, the issue of Edwin R. Dudley and the issue of Augustus Palmer Dudley as determined by the court in the opinion aforesaid, we are confronted with a change in the beneficiaries, resulting from the death of Abbie Malcolm on January 5th, 1910. Abbie Malcolm's share at the date of her death was 17-36. In accordance with the provisions of Paragraph 6 of item 4 of the will her share passed in equal shares to the survivor or survivors of her mother and brothers and to the lawful issue of the body of those of her mother and brothers who were deceased. Frank Wyman Dudley was the only survivor and, therefore, received

one-third of Abbie Malcolm's 17-36 or 17-108; another one-third or 17-108 passed to the lawful issue of the body of Augustus Palmer Dudley and the other one-third or 17-108 passed to the lawful issue of the body of Frances Jane Dudley. The lawful issue of the body of Frances Jane Dudley consisted of four groups, to wit: Frank Wyman Dudley, the issue of Augustus P. Dudley, the issue of Edwin R. Dudley, and the issue of Abbie Malcolm, and consequently the 17-108 passing from Abbie Malcolm to the issue of the body of Frances Jane Dudley passed as follows: One-fourth or 17-432 to Frank Wyman Dudley, one-fourth or 17-432 to the issue of Augustus P. Dudley, one-fourth or 17-432 to the issue of Edwin R. Dudley, and one-fourth or 17-432 to the issue of Abbie Malcolm, so that from and after the death of Abbie Malcolm, Frank Wyman Dudley was entitled to 289-432, consisting of the 17-36 to which he was entitled prior to the death of Abbie Malcolm, the 17-108 which he received direct from Abbie Malcolm and the 17-432 which he received as one of the four groups of the lawful issue of the body of Frances Jane Dudley; the issue of Augustus P. Dudley were entitled to 97-432, consisting of the 1-36 which they already had prior to the death of Abbie Malcolm, the 17-108 which they received from Abbie Malcolm, as lawful issue of the body of Augustus Palmer Dudley, and the 17-432 which passed to them as one of the four groups of the lawful issue of the body of Frances Jane Dudley; the issue of Edwin R. Dudley were entitled to receive 29-432, consisting of the 1-36 which they already had at the death of Abbie Malcolm and the 17-432 which passed to them from Abbie Malcolm as one of the four groups of lawful issue of the body of Frances Jane Dudley; and the issue of Abbie Malcolm were entitled to receive the 17-432 which passed to them from Abbie Malcolm as one of the four groups of the lawful issue of the body of Frances Jane Dudley.

Upon the death of Frank Wyman Dudley, his share consisting of 289-432, passed under the alternative provision of Paragraph 5 of item 4 of the will as follows: One-third or 289-1296 to the lawful issue of the body of Frances Jane Dudley, one-third or 289-1296 to the lawful issue of the body of Augustus Palmer Dudley, and one-third or 289-1296 to the lawful issue of the body of Abbie Malcolm. The first third or 289-1296 passing to the lawful issue of the body of Frances Jane Dudley passed on as follows: One-

third or 289-3888 to the issue of Augustus P. Dudley, one-third or 289-3888 to the issue of Edwin R. Dudley, and one-third or 289-3888 to the issue of Abbie Malcolm, these being the three remaining groups of the lawful issue of the body of Frances Jane Dudley, so that from and after the death of Frank Wyman Dudley, the issue of Augustus P. Dudley, that is, Janey D. Tainter and Grace D. Wood, were entitled to receive 2029-3888, consisting of the 97-432 which they already had prior to the death of Frank Wyman Dudley, plus the 289-1296 which passed to them direct from Frank Wyman Dudley as lawful issue of the body of Augustus Palmer Dudley and the 289-3888 which passed to them from Frank Wyman Dudley as one of the three remaining groups of the lawful issue of the body of Frances Jane Dudley; the issue of Edwin R. Dudley, that is Archie W. Dudley and Una Gladys Dudley, were entitled to receive 550-3888, consisting of the 29-432 which they already had prior to the death of Frank Wyman Dudley, plus the 289-3888 which passed to them from Frank Wyman Dudley as one of the three remaining groups of the lawful issue of the body of Frances Jane Dudley; and the issue of Abbie Malcolm, that is Frances J. Bennett, Sarah P. Barnes, T. J. J. Malcolm and Archibald W. Malcolm, were entitled to receive 1309-3888, consisting of the 17-432 which they already had prior to the death of Frank Wyman Dudley, plus 289-1296 which passed to them direct from Frank Wyman Dudley as lawful issue of the body of Abbie Malcolm, plus 289-3888 which passed to them from Frank Wyman Dudley as one of the three remaining groups of the lawful issue of the body of Frances Jane Dudley.

> *Bill sustained with costs.*
> *Reasonable counsel fees to be allowed as determined by the court below.*
> *Decree in accordance with this opinion.*